# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DEUTSCHE LUFTHANSA AG, | Case No. 1:25-cv-00279 |
| Plaintiff. | Judge |
| v. | **COMPLAINT** |
| STANDARDAERO COMPONENT SERVICES, INC. | **JURY TRIAL DEMANDED** |
| Defendant. | |

COMES NOW, Plaintiff Deutsche Lufthansa AG ("Plaintiff") files this Complaint against Defendant StandardAero Component Services, Inc. ("Defendant") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action arising from Defendant's negligent repair of a High Pressure Compressor Stage 6 Rotor Path Ring Assembly (the "HPC6 Unit"), which Defendant certified as airworthy and which was incorporated into an aircraft engine, identifier V13176 (the "Engine") on D-AISU Lufthansa Airbus A321-200 (the "Aircraft"). Due to Defendant's negligent repair, the subject HPC6 Unit caused the Engine to exhibit poor performance, requiring its removal, disassembly, and overhaul. The Engine was revealed to have suffered extensive damage, resulting in pecuniary losses to Defendant.

2. Plaintiff seeks damages in excess of $1,1680,000, in an amount to be proven at trial.

## THE PARTIES

3. Plaintiff Deutsche Lufthansa AG is a domestic for-profit corporation organized and existing under the laws of the Federal Republic of Germany, with its principal place of business at Venloer Str. 151-153, 50672 Köln, Germany.

4. Defendant StandardAero Component Services is a corporation organized and existing under the laws of the State of Ohio, originally incorporated as TSS Aviation, Power & Marine, Inc. in or around November 2001, with its principal place of business in Cincinnati, Ohio.

5. StandardAero's business includes providing aircraft engine component repairs services for aerospace customers, as well as component sales, and expressly touts its "extensive engine component repair and overhaul, manufacturing and Repair Development capabilities." In addition to touting its "exceptional capabilities," Defendant also claims to possess "state-of-the-art facilities" and represents its operations "focus[] on process excellence" and "outstanding quality[.]" *See* StandardAero Website, "Component Repair Services," https://standardaero.com/components/ (last accessed April 23, 2025).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332.

7. There is complete diversity of citizenship between the Plaintiff and the Defendant in this case. The amount in dispute in this action, exclusive of interest and costs, exceeds the sum of $75,000. Therefore, this Court has jurisdiction over this dispute under 28 U.S.C. § 1332.

8. This court has both general personal jurisdiction over Defendant, because Defendant's place of incorporation and principal place of business lie within this forum, as well as specific jurisdiction, as it conducts operations, including the actions set forth below giving rise to this action, at its facility at 11550 Mosteller Road, Cincinnati, Ohio, Hamilton County.

9. Venue in this district is proper under 28 U.S.C. § 1391(b)(1), because the Defendant resides in this district, as well as 28 U.S.C. § 1391(b)(2), given a substantial part of the action or omissions giving rise to the claim occurred in this district.

**FACTS**

10. A High Pressure Compressor Stage 6 Rotor Path Ring Assembly is a critical part of an aircraft's engine. Compressors draw in air from an engine's intake, increasing the pressure and reducing the volume of air fed into the aircraft's engine, where together with fuel the compressed air promotes more effective and efficient combustion necessary to generate power.

11. Aircraft compressors are arranged in stages, with each stage assembly consisting of moving rotor blades mounted on a drum, and a downstream ring of mounted stationary stator blades. Rotor Path Ring Assemblies are particularly important to maintain efficient compression by preventing leaks and ensuring smooth airflow.

12. On information and belief, the subject High Pressure Compressor Rotor Path Ring Assembly, a "Stage 6" assembly, Part Number 6A7576, then owned by Willis Aeronautical Services, was overhauled, repaired and released for resale by Defendant in or around May 2019.

13. In connection with its overhaul of the HPC6 Unit, Defendant issued an Authorized Release Certificate, FAA Form 8130-3, an "Airworthiness Approval Tag," certifying that the part was airworthy and "approved for return to service" (the "Certificate"). A true and correct copy of this Certificate is attached to Plaintiff's Complaint as **Exhibit A**.

14. The Certificate particularly noted Defendant's repair to the lining within the assembly. *See* Exhibit A, Item 12, Remarks.

15. On information and belief, Willis Aeronautical Services sold the subject HPC6 Unit to MK Industries, LLC in or around February 2020.

16. Lufthansa Technik AG ("Lufthansa Technik") purchased the HPC6 Unit on the surplus market from MK Industries, LLC on or around December of 2022.

17. Lufthansa Technik correctly and properly installed the HPC6 Unit into the Engine on March 3, 2023.

18. Barely three months later, on May 2, 2023, Lufthansa Technik's engine monitoring team observed significant loss of performance in the Engine.

19. The Engine was removed from service, and incoming inspection revealed no visible damage, such as signs of a bird strike or other impact to the Engine. It was sent Lufthansa Technik for disassembly, inspection, repair, and investigation of the root cause of the failure.

20. Lufthansa Technik's investigations revealed several deformed and bent rotary blades within the HPC6 Unit, and significant loss of the plasma-coated lining material within the assembly.

21. Lufthansa Technik determined that the lining material was of poor quality and delaminated, and as pieces of the coating were lifted and freed within the assembly, they blocked the HPC6 Unit's blades, causing them to deform.

22. Plaintiff is aware of at least three other instances in which Defendant-repaired assemblies exhibited similar lining delamination and blade deformation issues, in addition to the problems with the subject Engine, further suggesting a process issue in Defendant's operations.

23. As a result of the defective HPC6 Unit's failure, Lufthansa Technik was forced to overhaul the Engine to return it to serviceable condition, resulting in significant labor, material, scrapping, and inspection costs.

24. Plaintiff was forced to pay these costs, resulting in a pecuniary harm in excess of $1,168,000.

25. Plaintiff and its advisors have repeatedly requested that Defendant accept liability of the losses incurred and resolve the matter without litigation, and further requested the parties enter an agreement to toll any statutes of limitations, including through communications in and around November 2024, January 2025, and April 2025.

26. To date, Defendant has refused to accept liability or resolve the matter without litigation, and rejected requests to toll any statute of limitations, requiring Plaintiff to file this action as last resort.

## FIRST CLAIM FOR RELIEF
### (Negligence – As Against Defendant StandardAero Component Services, Inc.)

27. Plaintiff incorporates the foregoing averments contained in Paragraphs 1-26 as if fully set forth herein.

28. Defendant owed a duty to exercise reasonable care in repairing and overhauling aircraft component parts which were to be used in active aircraft and/or sold to third parties for use in active aircraft. Indeed, Defendant touts its "extensive" and "exceptional capabilities" to conduct such repairs.

29. Defendant's duty was particularly strong, given the nature of the components it repaired and serviced, which are critical components for aircrafts to function properly and safely.

30. Furthermore, Defendant owed a clear duty under applicable rules and regulations, including Tile 13, Chapter 1, Subchapter C, Part 43 of the Code of Federal Regulations, governing the maintenance, rebuilding, and alteration of aircraft.

31. Defendant acknowledged this duty, as evidenced by the Certificate it issued pursuant to those regulations, attesting to its purported "airworthiness."

32. However, despite this duty and its certification, the HPC6 Unit was defectively repaired, not airworthy, and not fit for use in the Engine.

33. As a consequence of the Defendant-overhauled HPC6 Unit's defects, the Engine into which it was incorporated exhibited performance failure after only three months.

312403100v.1

34. In turn, this led the Engine's removal from service, necessitating extensive and expensive disassembly, inspection, and repair efforts by Lufthansa Technik, for which Plaintiff was required to pay.

35. Therefore, Defendant's negligence, by failing to repair the HBC6 Unit with reasonable care and certifying it as airworthy despite its defects, leading to the Engine failure and necessary repairs to correct, stands as both the cause in fact and proximate cause of Plaintiff's losses.

36. As a result of Defendant's negligence, Plaintiff incurred inspection and repair costs in excess of $1,168,000, in a final amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendant, granting Plaintiff the following relief:

1. The entry of judgment in favor of the Plaintiff on its cause of action;
2. The award of the requested damages, exceeding $1,168,000.00, in an amount to be proven at trial;
3. An award of pre- and post-judgment interest;
4. The award of costs of the suit and attorney's fees, if applicable; and
5. Such other relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues that are so triable.

**Dated:** April 30, 2025

Respectfully submitted,

/s/ Christopher M. Piekarski
Christopher M. Piekarski
WILSON ELSER MOSKOWITZ
 EDELMAN & DICKER LLP
100 Mallard Creek Road - Suite 250
Louisville, KY 40207
Tel: 502.238.8500
Fax: 502.238.7844
*Attorney for Plaintiff*
*Deutsche Lufthansa AG*

And

Frederick W. Reif
 *Admission pro hac vice pending*
Nathan T. Horst
 *Admission pro hac vice pending*
WILSON ELSER MOSKOWITZ
 EDELMAN & DICKER LLP
150 East 42nd Street
New York, NY 10017
Tel: 212.490.3000
Fax: 212.490.3038
frederick.reif@wilsonelser.com
nathan.horst@wilsonsler.com
*Co-Counsel for Plaintiff*
*Deutsche Lufthansa AG*